IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA        :
                                :
          v.                    :   CRIMINAL ACTION NO.
                                :   1:10-CR-007-RWS-CCH
MAIDMOISELLE LEWIS              :
                                :

### ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

Attached is the Report and Recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Criminal Local Rules 12.1(E) and 58.1(A)(3).

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and

any appellate review of factual findings will be limited to a plain error review.  United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

Pursuant to 18 U.S.C. 3161(h)(1)(D), the above referenced fourteen (14) days allowed for filing objections are **EXCLUDED** from the computation of time under the Speedy Trial Act.  At the end of such fourteen-day period, if there are no objections,  the Clerk is **DIRECTED** to submit this Report and Recommendation to the District Judge.  If there are objections, the other party or parties shall have fourteen (14) days from the filing of those objections to respond, and that fourteen-day period shall also be **EXCLUDED** from the computation of time under the Speedy Trial Act. Thereafter, the Report and Recommendation along with any objections and responses shall be submitted to the District Judge.

After such submission of this Report and Recommendation, whether or not objected to, the Clerk is **DIRECTED** to **EXCLUDE** from the computation of time under the Speedy Trial Act the time, up to thirty (30) days, that this Report and Recommendation is under advisement before the District Court.  Henderson v. United States, 476 U.S. 321, 331 (1986) (the Speedy Trial Act "exclude[s] all time that is consumed in placing the trial court in a position to dispose of a motion.); United States

2

v. Mers, 701 F. 2d 1321, 1337 (11th Cir. 1983) ("[T]he magistrate and the district court have thirty days each during which to take pretrial motions under advisement.").

    IT IS SO ORDERED this 26th day of May, 2010.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA      :
                                    :
         v.                  :  CRIMINAL ACTION NO.
                                      :  1:10-CR-007-RWS-CCH
MAIDMOISELLE LEWIS          :
                                    :

## REPORT AND RECOMMENDATION

Defendant is charged in the indictment with four counts of possession of a firearm by an unlawful alien, in violation of Title 18, United States Code, Section 922(g)(5).   This action is before the Court on Defendant's Motion to Dismiss the Indictment [29] ("Motion").   Defendant argues that 18 U.S.C. § 922(g)(5) is in violation of Defendant's rights under the Second, Ninth, and Tenth Amendments of the United States Constitution and the concomitant provisions of the Georgia Constitution, and her statutory rights under O.C.G.A. §§ 16-3-21, 16-3-23, 16-3-23.1, 16-3-24, and 16-3-24.2.

## FACTUAL BACKGROUND

The Government alleges that on or about January 23, 2008, and on or about November 17, 2009, Defendant, an alien illegally and unlawfully in the United States,

possessed a Smith and Wesson .357 caliber pistol and ammunition.  On November 17, 2009, she also possessed, along with her co-defendant Noel Newton Robinson, a Davis Industries .32 caliber pistol and ammunition, and a Hi-Point .45 caliber pistol and ammunition.  <u>See</u> Indictment [8].

## **DISCUSSION**

### A.     Second Amendment

Defendant argues that § 922(g)(5) is unconstitutional pursuant to the Supreme Court's holding in <u>District of Columbia v. Heller</u>, 128 S. Ct. 2783 (2008), that the Second Amendment to the United States Constitution[1] "confers an individual right to keep and bear arms."  128 S. Ct. at 2791.  In <u>Heller</u>, the Supreme Court examined the District of Columbia's ban on handguns in the home and requirement that lawful firearms be disassembled or kept with a trigger lock, and found the ban to violate the Second Amendment.  The Court reasoned that the right to self-defense was central to the Second Amendment, and the handgun is the "quintessential self-defense weapon."  <u>Id.</u> at 2817-18.  In so holding, however, the Court recognized that the "right secured

---

[1]The Second Amendment to the U.S. Constitution provides:  "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  U.S. Const. amend. II.

by the Second Amendment is not unlimited," and stated that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." Id. at 2816-17. The Court intended its identification of such "presumptively lawful regulatory measures only as examples," not as an exhaustive list. Id. at 2817 n. 26. The Court also noted, in holding that the District of Columbia must permit Heller to register his handgun and carry it in his home, that it was "assuming that Heller is not disqualified from the exercise of Second Amendment rights." Id. at 2822.

In United States v. Rozier, 598 F.3d 768 (11th Cir. 2010), the Eleventh Circuit considered a challenge to § 922(g)(1), which prohibits convicted felons from possessing firearms. The Court concluded that "statutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people. Rozier, by virtue of his felony conviction, falls within such a class." 598 F.3d at 771. Other federal courts have uniformly rejected Second Amendment challenges under Heller to § 922(g). See, e.g., United States v. Jones, 673 F.Supp.2d 1347, 1353-54 (N.D. Ga. 2009) (collecting

3

cases holding that the <u>Heller</u> decision did not call into question the continued constitutionality of § 922(g)(1)); <u>see also</u> <u>United States v. Marzzarella</u>, 595 F.Supp.2d 596, 598-99 (W.D. Pa. 2009) (citing cases to illustrate that "every court which has considered a Second Amendment challenge to 18 U.S.C. § 922, post-<u>Heller</u>, has upheld the statute as constitutional."). This Court concludes that the same rationale courts have applied in upholding § 922(g)(1) and other sections of § 922 applies to 922(g)(5): it is "a presumptively lawful longstanding prohibition" on the possession of firearms. <u>United States v. White</u>, 593 F.3d 1199, 1205-06 (11th Cir. 2010). Thus, § 922(g)(5) is constitutional under the Second Amendment.

Additionally, while fewer federal courts have specifically addressed the constitutionality of § 922(g)(5) than have addressed § 922(g)(1), those who have, have taken the view that illegal aliens are not only disqualified from the exercise of Second Amendment rights by § 922(g)(5), but do not have rights under the Second Amendment in the first place because they are not among "the people" contemplated by the Second Amendment. <u>See</u> <u>United States v. Yanez-Vasquez</u>, Slip Copy, 2010 WL 411112 (D. Kan. January 28, 2010); <u>United States v. Guerrero-Leco</u>, 2008 WL 4534226, *1 (W.D.N.C. October 6, 2008) (<u>Heller</u> "did not find that all individuals present in America are protected by the Second Amendment. Rather, the Court

described that protection as belonging to American citizens."); <u>United States v. Solis-Gonzalez</u>, 2008 WL 4539663 (W.D.N.C. September 26, 2008) (the individual right to bear firearms recognized by <u>Heller</u> does not extend to illegal aliens).

The <u>Heller</u> Court noted that whenever the term "the people" appears in the Constitution, it "unambiguously refers to all members of the **political community**, not an unspecified subset." 128 S.Ct. at 2790-91 (emphasis added).[2] The <u>Heller</u> Court then recognized the Second Amendment right as "the right of law-abiding, responsible citizens to use arms in defense of hearth and home," 128 S.Ct. at 2821, and a right that was "to be exercised and enjoyed by the citizen." <u>Id.</u> at 2806 (citation omitted). Because Defendant is not a citizen, or at the least, a lawful resident with ties to the community, the Court concludes that she is not a member of the "political community" whose rights are protected by the Second Amendment. <u>See United States v. Boffil-Rivera</u>, 2008 U.S. Dist. LEXIS 84633, at *11-22 (S.D. Fla. Aug. 12, 2008) (examining the history of the individual right secured by the Second Amendment and

---

[2]In <u>United States v. Verdugo-Urquidez</u>, 494 U.S. 259 (1990), Justice Rehnquist stated that the use of the term "the people" in the Constitution suggests that it "refers to a class of persons who are part of a national community or who have otherwise developed sufficient connection with this country to be considered part of that community." 494 U.S. at 265.

the meaning of the term "the people," and concluding that "the individual right to bear arms defined by <u>Heller</u> does not apply to illegal and unlawful aliens").

For the reasons stated above, the undersigned concludes that the enforcement of § 922(g)(1) does not violate the Second Amendment, either facially or as applied to Defendant.[3]

B.      <u>Georgia Code Sections 16-3-21, 16-3-23, 16-3-23.1, 16-3-24, 16-2-24.2</u>

Defendant argues that the indictment should be dismissed under the above-cited sections of the Georgia Code, relating to the use of force in defense of self or others, in defense of a habitation, or in defense of property other than a habitation.  The Code provides that a person who uses threats or force in such defense "has no duty to retreat and has the right to stand his or her ground and use force . . . including deadly force." O.C.G.A. § 16-3-23.1.

Defendant is not charged in the indictment with any crime arising from the use of threats or force; she is charged only with possession of a firearm by an illegal alien,

---

[3]Defendant also states that the indictment should be dismissed pursuant to the Ninth and Tenth Amendments.  She cites no cases and makes no argument in support of this contention, and the Court is not aware of any precedent or argument that would support it.  Accordingly, the argument that the indictment should be dismissed under the Ninth or the Tenth Amendment is found to be without merit and abandoned.

in violation of 18 U.S.C. § 922(g)(5).  Thus, these sections of the Georgia Code have

no bearing on this case, and do not require dismissal of the indictment.

## **<u>RECOMMENDATION</u>**

For all the above reasons, the undersigned **RECOMMENDS** that Defendant's

Motion [29] be **DENIED.**

**IT IS SO RECOMMENDED** this 26th day of May, 2010.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE