IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:10-CR-007-RWS-CCH |
| MAIDMOISELLE LEWIS | : | |
| | : | |

**ORDER FOR SERVICE OF REPORT AND RECOMMENDATION**

Attached is the Report and Recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Criminal Local Rules 12.1(E) and 58.1(A)(3).

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and

any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

Pursuant to 18 U.S.C. 3161(h)(1)(D), the above referenced fourteen (14) days allowed for filing objections are **EXCLUDED** from the computation of time under the Speedy Trial Act. At the end of such fourteen-day period, if there are no objections, the Clerk is **DIRECTED** to submit this Report and Recommendation to the District Judge. If there are objections, the other party or parties shall have fourteen (14) days from the filing of those objections to respond, and that fourteen-day period shall also be **EXCLUDED** from the computation of time under the Speedy Trial Act. Thereafter, the Report and Recommendation along with any objections and responses shall be submitted to the District Judge.

After such submission of this Report and Recommendation, whether or not objected to, the Clerk is **DIRECTED** to **EXCLUDE** from the computation of time under the Speedy Trial Act the time, up to thirty (30) days, that this Report and Recommendation is under advisement before the District Court. Henderson v. United States, 476 U.S. 321, 331 (1986) (the Speedy Trial Act "exclude[s] all time that is consumed in placing the trial court in a position to dispose of a motion.); United States

v. Mers, 701 F. 2d 1321, 1337 (11th Cir. 1983) ("[T]he magistrate and the district court have thirty days each during which to take pretrial motions under advisement.").

    IT IS SO ORDERED this 27th day of May, 2010.

                                        _____
                                        C. CHRISTOPHER HAGY
                                        UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:10-CR-007-RWS-CCH |
| MAIDMOISELLE LEWIS | : | |
| | : | |

**REPORT AND RECOMMENDATION**

Defendant is charged in the indictment with four counts of possession of a firearm by an illegal or unlawful alien, in violation of Title 18, United States Code, Section 922(g)(5)(A). This action is before the Court on Defendant's Motion to Dismiss the Indictment and/or Motion in Limine [33] ("Motion"). Defendant argues that the Government is unable to prove that she is an illegal alien because the underlying order of removal against her is invalid, and thus, that the indictment should be dismissed. In the alternative, Defendant requests that the Court enter an order prohibiting the government from introducing any and all evidence of the Defendant's prior removal proceedings at trial.

## **FACTUAL BACKGROUND**

The Government alleges that on or about January 23, 2008, and on or about November 17, 2009, Defendant, an alien illegally or unlawfully in the United States, possessed a Smith and Wesson .357 caliber pistol and ammunition. On November 17, 2009, she also possessed, along with her co-defendant Noel Newton Robinson, a Davis Industries .32 caliber pistol and ammunition, and a Hi-Point .45 caliber pistol and ammunition. See Indictment [8].

According to Defendant, on October 24, 2006, Immigration Judge Wayne Houser, Jr. entered an order for her removal *in absentia*. Motion at 2. On or about January of 2007, a warrant for Defendant's arrest stating that she had been ordered removed was issued.

## **DISCUSSION**

An alien illegally or unlawfully in the United States is prohibited from possessing a firearm in and affecting interstate commerce. 18 U.S.C. § 922(g)(5)(A). An alien is illegally or unlawfully in the United States when she is, *inter alia*, "[u]nder an order of deportation, exclusion, or removal, or under an order to depart the United

2

States voluntarily, whether or not he or she has left the United States." 27 C.F.R. § 478.11.

Defendant argues that the order for her removal *in absentia* violated her Due Process rights under the Fifth and Fourteenth Amendments to the United States Constitution. Defendant states that she was not provided with a Notice to Appear for the removal proceedings or written notice of the order for removal, was not informed of her right to representation without cost, her right to appeal the decision, and the consequences of failing to depart, and was not informed of other rights and avenues of potential relief from deportation available to her. Motion at 2. Accordingly, Defendant argues, the order for removal is null and void and the indictment should be dismissed.

In response, the Government argues that Defendant may not collaterally attack the validity of the removal order in the instant criminal prosecution, and that in order to avoid violating 18 U.S.C. § 922(g), a defendant must clear his predicate status before obtaining a firearm rather than seeking to attack that status subsequently. Based on the Eleventh Circuit's decision in United States v. DuBose, 598 F.3d 726 (11th Cir. 2010), and the Supreme Court's decision in Lewis v. United States, 445 U.S. 55 (1980), the Court agrees.

3

In Lewis, the defendant was convicted of possession of a firearm by a felon, in violation of 18 U.S.C. § 1202(a)(1), the predecessor to the current § 922(g)(1). 445 U.S. at 56. He argued that his underlying felony conviction was invalid because he was not represented by counsel at the time of his conviction. Id. at 56-68. The Supreme Court determined that under the plain meaning of the statute, "the fact of a felony conviction imposes a firearm disability until the conviction is vacated or the felon is relieved of his disability by some affirmative action." Id. at 60-61. Thus, even if the underlying "felony conviction ultimately might turn out to be invalid," the statute prohibited all convicted felons from possessing firearms. Id. at 62.

In DuBose, the Eleventh Circuit relied on Lewis and on cases from the Fifth, Sixth, Seventh, and Ninth Circuits to determine that "the validity of an underlying protective order is . . . irrelevant to a defendant's conviction under Section 922(g)(8)," which prohibits possession of a firearm by a person subject to a domestic violence protective order. 598 F.3d at 732-733 (examining United States v. Wescott, 576 F.3d 347, 354 (7th Cir. 2009); United States v. Young, 458 F.3d 998, 1005 (9th Cir. 2006); United States v. Hicks, 389 F.3d 514, 534 (5th Cir. 2004), and United States v. Baker, 197 F.3d 211, 216-17 (6th Cir. 1999)). The DuBose Court held that because the statutory requirements of Section 922(g)(8) were satisfied, that is, the protective order

4

issued after a hearing of which the defendant had actual notice and at which he had an opportunity to be respond, his conviction under Section 922(g)(8) was proper. Id. at 733-734.

Section 922(g)(5)(A) does not, like Section 922(g)(8), provide that an alien must have acquired her "illegal or unlawful" status after a hearing with notice and an opportunity to respond. Thus, the statute provides no support for Defendant's argument that a lack of notice of the removal hearing requires dismissal of the indictment. Her argument that she was denied due process is an impermissible collateral attack under Lewis and DuBose.

Moreover, if the removal order against Defendant is indeed invalid, she should have challenged the order and cleared her status before obtaining a firearm. In Lewis, the Supreme Court stated that the proper relief would have been for the defendant to challenge his felony conviction before obtaining his firearm. 445 U.S. at 64. In United States v. Davis, 773 F.2d 1180 (11th Cir. 1985), the Eleventh Circuit stated that the object of Sections 922(g)(1) and 922(h)(1) is "to prevent felons from obtaining firearms until their status is actually cleared." 773 F.2d at 1181. Accordingly, the Court concludes that Defendant may not in these proceedings collaterally attack the validity of the order of removal entered against her in 2006, and

thus, **RECOMMENDS** that Defendant's Motion to Dismiss the Indictment [33] be denied.

Additionally, because the order for Defendant's removal is presumptively valid and may not be attacked in this case, the Court **RECOMMENDS DENIAL** of Defendant's Motion in Limine [33].

## **RECOMMENDATION**

For all the above reasons, the undersigned **RECOMMENDS** that Defendant's Motion [33] be **DENIED.**

**IT IS SO RECOMMENDED** this 27th day of May, 2010.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

6